Felipe Toro Quiñones et ux., Plaintiffs and Appellants, v. Jenaro Figueroa, Defendant and Appellee.

No. 6205. Argued February 1, 1934.—Decided November 9, 1934.

*García Méndez & García Méndez* for appellants.  *J. Henri Brown,*
*C. Ruiz Nazario, G. E. González & G. Benítez Gautier* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

This is an action brought by Felipe Toro Quiñones and his wife to obtain compensation for the damages suffered by virtue of the death of their twenty months old son who was killed by an automobile driven by Jenaro Figueroa, son of the defendant, while acting as his employee and in the business of said defendant.  It is claimed that the accident was caused by the fault and negligence of the driver of the automobile acting in the course of his employment as employee of defendant.

The District Court of Aguadilla rendered judgment dismissing the complaint.  Appellants do not discuss the findings of fact established by the lower court which they reproduce in their brief and which they admit by the following words:

"We have transcribed this part of the opinion of the court because, although we believe it erroneous as to certain details, the description of the scene in which the minor Samuel Toro Franquiz lost his life, is substantially as established by the evidence offered by both parties in the instant suit, and the present appeal is based on the only error of the District Court of Aguadilla in erroneously interpreting the theory of negligence in this case, and in failing to render judgment in favor of plaintiff."

Upon the termination by appellants of their commentaries on the error attributed to the lower court they ratify their acceptance of the findings of fact of the lower court, stating as follows:

"In other words, and so as not to tire the attention of this court, we maintain that admitting the findings of fact of the lower court, said court erred in applying the law to the case, for from the facts so considered it must be concluded that the same prove an actionable negligence against defendant."

The findings of fact of the lower court transcribed by appellants in their brief, read:

"The court, in order to decide the case will try to reproduce the facts as they occurred, in a graphic description of the accident on which the present claim is based considering sufficient for said purpose the testimony of plaintiff himself and of his principal witness Mr. Ramón Banuchi, for the other witnesses of the plaintiff add very little light, and it considers the testimony of defendant unnecessary and superfluous.

"The following is briefly the reproduction of the tragic scene and what the court considers as facts proved and certain, to wit:

"That at Progreso Street in Isabela, on September 27 of 1930, about six o'clock P. M. the car of plaintiff was parked on the right side of the road facing South in front of the house of plaintiff, whilst on the sidewalk of the same side Mr. Felipe Toro Quiñones (plaintiff) was speaking with Mr. Ramón Banuchi; that the former, a few minutes later, took his two sons out of the car, as well as the victim, and left them on the ground, the deceased playing with a toy, while Banuchi and plaintiff continued to talk; that a few moments later the boy was on the street, behind his father's automobile and at the same time the bus 'Doris' was coming, which bus belongs to a brother of Mr. Banuchi, in an opposite direction to the car of Mr. Toro which, as we have said, was parked; that then the Cadillac automobile of defendant, driven by his son Jenaro Figueroa, Jr., was coming in the same direction as the car of Mr. Toro and therefore, in the opposite direction to that of the bus, for which reason, Mr. Figueroa, in order to permit the bus to pass him drove to his right, behind plaintiff's car, stopping at a distance of about three meters or more but with the motor running and obliquely towards the left of the street intending to continue, for as plaintiff's car intercepted his right he had to cut to his left when starting; that at that moment the boy of Mr. Toro named Samuel, about 18 or 19 months old, was walking across the street towards the right front of the Cadillac car and when he put his little hands on the bumper of said car his father cried: 'stop, stop' at the same time that the car was starting, all of which happened simultaneously causing the boy to be knocked down, and the front wheel of said car ran over his head, and he was taken, already dead, from the space between the front and rear wheels of the right side of the vehicle;

that Figueroa drove the car from its left side where the steering wheel was installed, that Figueroa at that moment was looking to the front in a straight line in relation to the direction in which his car had stopped in a slanting or diagonal position.

"In consequence of the reproduction of the facts which in the light of the evidence we have been able to make, the Court has arrived at the following conclusions:

"That Jenaro Figueroa, Jr., when stopping his car did so to avoid a collision with the bus 'Doris' which was coming in an opposite direction; that he stopped at a convenient distance in relation with plaintiff's car; that in order to start, he had to look, as he did, and turn his car towards the left, from the front seat of said side, as the car of Mr. Toro was in front, and in order to see if any other vehicle was coming in an opposite direction; that, as we have personally confirmed, at the request of the attorneys on both sides, by reason of the height of the front part or hood of the Cadillac car the normal height of a child of 19 months and the position in which the car was, Figueroa Jr., could not in any way see the child when the latter touched the bumper and when the father was yelling 'stop, stop,' and when he was starting the car, for, as we have already said, it all happened simultaneously; and that when Figueroa heard the warning voice of plaintiff he stopped the car immediately, since the corpse of the victim was withdrawn from in between the wheels of the right side of the car.

"Under these circumstances, we must hold that we are concerned exclusively with an unfortunate accident, painfully deplorable, it is true, but without the intervention of negligence, carelessness, lack of due care or imprudence whatsoever on the part of Mr. Jenaro Figueroa, Jr., and which was caused by the lack of knowledge of danger on the part of the victim, natural in his tender age, and to the oversight of his father, involved in the conversation with Mr. Banuchi."

In view of the findings of fact established by the lower court, we are of the opinion that the judgment appealed from must be affirmed. We have carefully studied all the evidence offered and we have no doubt that in the instant case the facts admitted by plaintiffs themselves occurred in the manner described by the court *a quo*. The conclusions of law seem to us to be correct. As the lower court has said, this

is an unfortunate accident, truly deplorable and in which there has been no fault or negligence of the driver of the car.

The judgment appealed from must be affirmed.